**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONNIE TIMBERS | : | |
| 5812 Florence Ave. | : | |
| Philadelphia, PA 19143 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| SAGE DINING SERVICES, INC | : | |
| 1402 York Rd. | : | |
| Lutherville, MD 21093 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Donnie Timbers (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and

through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Sage Dining Services, Inc.

(hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII -

42 U.S.C. §§ 2000, *et. seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42

U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence

of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII.  Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, who resides at the address as set forth in the caption.

8.      Defendant is a corporation headquartered in Maryland that provides (third-party) on-campus catering and dining services at schools and universities (including cafeteria operation).

9.      At all times relevant herein, Defendant acted through its agents, servants and employees, who acted within the scope of their authority, course of employment, and under the direct control of Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a black (African American) male.

12.     As Defendant is a third-party on-campus catering and dining service for schools and universities (including cafeteria operation), Plaintiff was placed by Defendant to work at Episcopal Academy ("Episcopal"), a Pre-K through Grade 12 school located in Newtown Square, Pennsylvania (within Delaware County).

13.     At all times during his employment with Defendant, Plaintiff only worked in Pennsylvania.

14.     Plaintiff was hired by Defendant as a full-time employee effectively on or about January 4, 2019; and in total, he was employed by Defendant for more than six (6) years.

15.     While Plaintiff was originally placed at Episcopal, Defendant lost the account shortly after plaintiff was hired, so I was placed at another location until Defendant regained the account with Episcopal.

16.     Once Plaintiff was placed back at Episcopal after Defendant regained the account, he remained employed there for the last approximate 5 years of his employment with Defendant.

17.     At all times relevant herein, Plaintiff's management hierarchy (while at Episcopal) generally included:

3

- Bob Berger – Executive Chef [supervised Plaintiff through termination]

- Katie Vigna – General Manager [supervised Plaintiff through termination]

- Maureen Burns – District Manager [supervised Plaintiff until the September 2024 timeframe]

- Colin Abernethy – District Manager [began supervising Plaintiff in late 2024 through 2025]

18.    While in the employment of Defendant, Plaintiff experienced significant racial discrimination.

19.    Within the location and area that Plaintiff was assigned, the demographic was predominantly non-Black.

20.    In fact, the student body of Episcopal Academy was typically less than 10% African American as well.

21.    Plaintiff worked in an upscale, affluent setting (of a very prestigious private school) where it cost (on average) $26,000.00 or more to attend pre-school through $44,000.00 to attend high school.

22.    Furthermore, all of the management referenced above who had supervisory authority over Plaintiff during his employment with Defendant are also non-Black.

23.    Plaintiff was generally used as a laborer and dishwasher (despite being originally told he would be hired as a cook).

24.    Because Plaintiff needed a job and wanted to work, he tried not to make unnecessary waves hoping for opportunities of growth within Defendant.

25.    However, after years of being what he perceived to be: (a) paid less than others outside of his protected class; and (b) kept in a non-progressive role where he was not even given

opportunities to be a cook - - he eventually felt the need to express his concerns of racial discrimination.

26.     For example, other people were hired (who were non-Black) during the course of Plaintiff's tenure with Defendant with no experience and were assigned to the salad bar, as a prep person (assisting with cooking), or as a cook. And they had upward mobility.

27.     Plaintiff was only assigned various labor work that he perceived was most likely to minimize his visibility to others (and within the school).

28.     In 2024 and 2025, Plaintiff became vocal about his concerns of racial discrimination.

29.     For example, Plaintiff told human resources, district management, Berger, and Vigna that:

> a.   he felt mistreated and held back because of his "race," for being "Black," and that he felt there was a double standard when assigning White new hires to jobs that had wanted for years;
>
> b.   he witnessed the mistreatment of other Black employees during the course of his employment; and
>
> c.   Vigna was unprofessional when telling the headmaster of Episcopal about Plaintiff "being shot" (as he was a victim of a carjacking) and gave the impression Plaintiff was some type of potential gunslinger or gangster, as she failed to provide context at to the circumstances in which he had been shot.

30.     Plaintiff made many complaints from 2024 through 2025 (specifying "discrimination," "race," and unfairness for being "Black").

31.    Plaintiff was hopeful that his concerns would be remedied and he would be recognized for his hard work and dedication and given a cook position, since there was no non-discriminatory justification not to treat him like others.

32.    However, instead of remedying his aforesaid concerns or racial discrimination, **Defendant engaged in blatant retaliation of Plaintiff**.

33.    By late February of 2025, Plaintiff was told he was being suspended pending termination for having a criminal record because a criminal background check was run on him.

34.    The reason for Plaintiff's aforesaid suspension is problematic for several reasons:

   a.    It was not appropriate for Defendant to run a criminal background check on Plaintiff after he had worked there for nearly 6 years just because he was complaining of discrimination.

   b.    Plaintiff was the subject of numerous criminal background checks that were not an issue until he began escalating complaints of discrimination.

   c.    Plaintiff was actually provided security services directly as an employee at times for Episcopal (*in addition to* working his job for Defendant), and Episcopal had no problem with his background or history.

   d.    Plaintiff was originally told that it was Episcopal's decision to remove him from the school; however, after pushing back (with the fact that he performed other work for Episcopal in addition to working his job for Defendant), Defendant shifted its explanation and claimed that it was Defendant's decision.

35.    As a result of the foregoing, Plaintiff expressed concerns of retaliation and racial discrimination for his suspension and potential termination.

36.     Because he protested the complete falsity for his suspension and potential termination, by the spring of 2025, Defendant claimed Plaintiff could work; however, from March of 2025 through August 8, 2025, Plaintiff was forced to work under circumstances where it was clear that Defendant was attempting to force him to quit.

37.     Plaintiff did the best he could to stay employed. But between March of 2025 and August of 2025:

     a.   Plaintiff was given less hours;

     b.   Sometimes Plaintiff was not scheduled at all during weeks;

     c.   Plaintiff was being told he may get scheduled for certain hours that were either far reduced or well below what he expected;

     d.   Plaintiff was assigned short shifts (such as being given 5-6 hour shifts) presumably in an effort to make it not cost effective or a hardship for Plaintiff to travel to work (for less income);

     e.   When Plaintiff did not quit, his hours became less and less (even down as little as 13-15 hours in a workweek);

     f.   Plaintiff was then being told that in order to receive work, he had to travel to other locations (which could be a several-hour commute roundtrip).

38.     Plaintiff was notified during his employment that the aforesaid changes to his shift, schedule, assignments, and hours were due to budget problems or budget concerns (and made it less about Plaintiff's criminal record).

39.     However, in Defendant's position statement to the EEOC in response to Plaintiff's Charge of Discrimination, Defendant again shifted its reason for the various adverse actions taken against Plaintiff, stating that Plaintiff's criminal record serves as a complete barrier to ever being

able to work in a K-12 school in the Commonwealth of Pennsylvania and cited to Section 111 of the Pennsylvania Public School Code of 1949, as amended (24 P.S. §1-111).

40.     24 P.S. §1-111 specifically states:

> this section shall apply to all current and prospective employes of public and private schools, intermediate units and area career and technical schools, including, but not limited to, teachers, substitutes, janitors, cafeteria workers, independent contractors and their employes, ***except those employes and independent contractors and their employes who have no direct contact with children***. (emphasis added)

41.     Defendant's aforesaid citation to 24 P.S. §1-111 as a defense to its discriminatory and retaliatory actions is completely baseless, as Plaintiff never had any direct contact with children and thus the aforesaid statute would not apply to him.

42.     Plaintiff could no longer wait to be scheduled for full-time hours, and Defendant did everything possible to force his separation.

43.     On or about August 8, 2025, at 11:23 AM, Plaintiff texted Defendant's Human Resources ("HR" Department), stating:



**T**  me 11:23 AM

to HR ⌄

HR,

Not sure if I am deemed terminated already, but I would prefer to have a resignation on my file. I kept complaining about not getting hours after my complaints to mgt. Mgt was racist. Company did nothing. Tried to make me quit a long time with lack of hours. Now I can't drive roundtrip 3 hrs to an assignment in DE. Just can't do any of this anymore. I am making sure there is something on file that I resigned so I don't have issues finding a new job. Thanks and please don't badmouth the places I apply for a job. Thank you.

Donny Timbers

44.    Just as to Plaintiff's complaints of discrimination when he was employed with Defendant, neither Defendant's management nor HR personnel responded or cared about his above text.

45.    Based on the foregoing, Plaintiff believes and avers that he was actually or constructively terminated through a drastic reduction in hours and scheduling at a distant location because of his race and/or complaints of racial discrimination.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

46.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9

47.    Plaintiff is an African-American/Black individual.

48.    During Plaintiff's employment with Defendant, he was subjected to a hostile work environment because of his race and/or complaints of racial discrimination (as discussed *supra*)

49.    While Plaintiff complained of the aforesaid racial discrimination to Defendant's management and HR, his concerns were never properly investigated or remedied.

50.    Instead, Plaintiff was subjected to a retaliatory hostile work environment, wherein he was suspended, threatened with termination and then ultimately terminated/constructively termination through a drastic reduction in hours and scheduling at a distant location.

51.    Plaintiff believes and therefore avers that his race was a motivating or determinative factor in Defendant's decisions to:

     a.   Not promote him;

     b.   Not assign him to other positions (even if not a promotion that he sought);

     c.   Not pay him equal or fair compensation;

     d.   Suspend him in February of 2025;

     e.   Threaten him with termination between February and March of 2025;

     f.   Reduce his hours, scheduling, shifts, and assignments; and

     g.   Actually or constructively terminate his employment through a drastic reduction in hours and scheduling at distant locations.

52.    Plaintiff also believes and therefore avers that his complaints of discrimination were a determinative factor in Defendant's decisions to:

     a.   Not promote him;

     b.   Not assign him to other positions (even if not a promotion that he sought);

     c.   Not pay him equal or fair compensation;

d. Suspend him February of 2025;

e. Threaten him with termination between February and March of 2025;

f. Reduce his hours, scheduling, shifts, and assignments; and

g. Actually or constructively terminate his employment through a drastic reduction in hours and scheduling at distant locations.

53. The actions of Defendant as discussed *supra* constitute violations of Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff is an African-American/Black individual.

56. During Plaintiff's employment with Defendant, he was subjected to a hostile work environment because of his race and/or complaints of racial discrimination (as discussed *supra*)

57. While Plaintiff complained of the aforesaid racial discrimination to Defendant's management and HR, his concerns were never properly investigated or remedied.

58. Instead, Plaintiff was subjected to a retaliatory hostile work environment, wherein he was suspended, threatened with termination and then ultimately terminated/constructively termination through a drastic reduction in hours and scheduling at a distant location.

59. Plaintiff believes and therefore avers Defendant's decisions to:

a. Not promote him;

b. Not assign him to other positions (even if not a promotion that he sought);

c. Not pay him equal or fair compensation;

d. Suspend him February of 2025;

11

e.  Threaten him with termination between February and March of 2025;

f.  Reduce his hours, scheduling, shifts, and assignments; and

g.  Actually or constructively terminate his employment through a drastic reduction in hours and scheduling at distant locations.

were made because of his race and/or complaints of racial discrimination.

60.  The actions of Defendant as discussed *supra* constitute violations of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.  Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.    Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 16, 2026

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Donnie Timbers | : | CIVIL ACTION |
| v. | : | |
| Sage Dining Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 4/16/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **\*see certification below\***
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TIMBERS, DONNIE | SAGE DINING SERVICES, INC. |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
      *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Baltimore
      *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   4/16/2026                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____